## Steelsmith v. Aiken.

*Oil and gas wells—Recovery for plugging abandoned well—Privity of estate—Right of action.*

The right to plug an abandoned well at the expense of the delinquent operator is made appurtenant to an estate in lands under the Act of June 10, 1881, P. L. 110. One cannot assert the right before he has acquired nor after he has parted with such an estate. The right accrues as soon as the delinquency is complete.

It follows therefore that when one acquires title under a lease he becomes entitled through privity of estate and for protection of his property to plug a well abandoned prior to his leasing the adjoining property and to recover the cost from the delinquent operator under the provisions of said act of 1881.

Argued May 14, 1900. Appeal, No. 57, April T., 1900, by plaintiff, in suit of Amos Steelsmith against Andrew M. Aiken et al., from judgment of C. P. Butler Co., Dec. T., 1897, No. 12, from judgment of nonsuit. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by W. D. PORTER, J.

Assumpsit. Before GREER, P. J.

It appears from the record that this suit was brought under the Act of June 10, 1881, P. L. 110, to recover amount expended

226, (1900).]    Statement of Facts—Opinion of the Court.

by plaintiff in plugging an abandoned well drilled for oil and gas purposes by defendant.

The facts sufficiently appear in the opinion of the court.

The court below entered judgment of voluntary nonsuit which it subsequently on motion refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off compulsory nonsuit.

*Clarence Walker*, with him *J. M. Galbreath*, for appellant.—The act of 1881 is a remedial statute intended to prevent a wrong that, before its enactment, often followed the abandonment of a well drilled for oil. But the act will come far short of this if no one but an adjoining owner, at the time of abandonment, can remedy the wrong and collect compensation for doing so.

That an adjoining owner or operator, whose interest vested after the abandonment, has an equal right with his predecessors in title to correct a continuing wrong growing out of the abandonment, is evident when we view the wrongdoer as a continuing trespasser.

The construction placed by the court below on the statute reads into it something which it does not contain. The construction of the court below would give the remedy to "the owner of or operator upon any land adjoining " at the time of the wrongdoer's neglect or refusal, etc.

*R. P. Scott*, for appellees.—Under this act the appellant must prove affirmatively the existence of three conditions to enable him to recover in this suit. (*a*) That he was the owner or operator upon lands adjoining that upon which such abandoned well was located. (*b*) That the title and possession of said lands and abandoned well thereon were in the appellee. (*c*) That his entry and taking possession of said abandoned well for the purpose of plugging the same was adverse and hostile to the appellees. These conditions did not exist in this case.

OPINION BY W. D. PORTER, J., July 26, 1900:

This action was brought by plaintiff to recover the amount

of money expended by him in plugging an abandoned well, which had been put down by the defendants for the purpose of exploring for and producing oil, and to sustain the action the plaintiff relies upon the Act of June 10, 1881, P. L. 110, entitled "an act regulating the method of plugging abandoned oil wells, and providing a penalty for the violation thereof." At the trial the plaintiff produced evidence which would have been sufficient to warrant the jury in finding the following facts, viz : The defendants, operating under an oil lease of the lands of Marburger, drilled the well in question through the third sand, or oil bearing rock, and then abandoned the same without plugging, as required by the act of assembly, and surrendered their lease ; at that time Clark, Dunbar and Miller were, respectively, the owners of tracts of land adjoining that upon which the abandoned well was located.   The plaintiff subsequently acquired from Clark, Dunbar and Miller leases of their respective farms for oil and gas purposes, and carried on oil operations upon said lands, drilling a well on the Dunbar tract and one on the Miller tract; the plaintiff then discovered that the defendants had not plugged the well which they had abandoned, and he proceeded to plug it in the manner required by the act, and brought this suit to recover the expense of that work.   The learned court below was of opinion that the plaintiff was not entitled to recover, for the reason that he had acquired title under his leases from Clark, Dunbar and Miller subsequently to the abandonment of the well by the defendants, and, therefore, was not within the terms of the act conferring rights upon operators upon adjoining lands ; that only those who were owners or operators at the time of the act of abandonment were entitled to the advantages flowing from the legislation.   For this reason a judgment of nonsuit was entered, which the court subsequently refused to take off.   This action is now assigned for error.

The 1st section of the act of 1881 sets forth in detail the manner in which a well shall be plugged, and imposes upon the owner or operator who has put down the well the duty of performing that work, "for the purpose of excluding all fresh water from the oil bearing rock."   The legislature, in the exercise of its proper functions, determined that to permit the flow of fresh water into the oil bearing rock involved a danger

to property in the territory in which the well was located. The 2d section, because of the injury to public interests, imposed a penalty upon the delinquent. The 3d section recognized that the owners of and operators upon adjoining lands must suffer a special prejudice, because of a probable deprivation of property fugitive in its nature, and gave to such parties a remedy suitable to the injury. The act did not authorize an owner of or operator upon adjacent lands to bring a personal action to recover damages for the injury to his estate, but it provided a remedy for the prevention of the continuance of that injury. The right to plug an abandoned well at the expense of the delinquent operator is made appurtenant to an estate in adjoining lands; one cannot assert the right before he has acquired, nor after he has parted with, such an estate. The right accrues as soon as the delinquency is complete. Miller's right was complete when the defendants abandoned the well, but if he had died the next day the right would not have gone to his administrators, the title to the land having vested in the heirs. The land, however, would have continued to be subject to the menace of diminution in value resulting from the wrong. Such a case is wholly different from that of the destruction of a building, where the injury is complete and the damage is capable of ascertainment upon the termination of the trespass. The heir would have the same right to protect his property which the ancestor had possessed. There can be no doubt that Miller would have had the right to plug this well at the time the work was done, and recover from the defendants. When plaintiff acquired title under his lease, he became, through privity of estate, possessed of all the rights, for the protection of his property, which the law conferred upon Miller. We are of opinion that the nonsuit was improperly entered and ought to have been taken off.

Judgment reversed and venire facias de novo awarded.